IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JEFF LEE JEWART,<br><br>Defendant. | CR 19-62-BLG-SPW<br><br>**OPINION AND ORDER** |

Before the Court is Defendant Jeff Lee Jewart's objection to the Presentence Investigation Report's calculation of his base offense level. For the following reasons, the Court overrules Jewart's objection.

I.  **Background**

On June 26, 2019, Jewart pled guilty to one count of being a prohibited person in possession of a firearm, in violation of 18 U.S.C. 922(g)(1). (Docs. 16, 18, 19). The Court set sentencing for October 31, 2019, and a Presentence Investigation Report was ordered to be prepared. (Doc. 20).

While compiling the Defendant's criminal history, the Presentence Investigation Report author discovered Jewart had previously been convicted of an assault in Wyoming in 2010. The conviction was for Aggravated Assault and

1

Battery in violation of Wyo. Stat. Ann. § 6-2-502(a). While calculating Jewart's offense level, the Presentence Investigation Report author determined Jewart's base offense level was 22 under USSG § 2K2.1(a)(3), which provides, in relevant part, a defendant's base offense level is 22 if the offense involved a firearm capable of accepting a large capacity magazine and the defendant committed the offense subsequent to sustaining a felony conviction of either a crime of violence or a controlled substance offense. The Presentence Investigation Report author concluded Jewart's prior assault was a crime of violence under U.S.S.G. §§ 2K2.1 app. n. 1 and 4B1.2(a).

Jewart objected to the Presentence Investigation Report's conclusion that his prior assault was a crime of violence under U.S.S.G. §§ 2K2.1 and 4B1.2(a).

## II. Analysis

To determine whether a prior conviction is a crime of violence under U.S.S.G. § 4B1.2(a), the Court applies what's known as the categorical approach. *United States v. Door*, 917 F.3d 1146, 1150 (9th Cir. 2019) (citing *Taylor v. United States*, 495 U.S. 575 (1990)). Under the categorical approach, the Court compares the elements of the statute of conviction with U.S.S.G. § 4B1.2(a)'s definition of "crime of violence" to determine whether the statute of conviction criminalizes a broader range of conduct than the federal definition captures. *Door*, 917 F.3d at 1150 (citing *United States v. Edling*, 895 F.3d 1153, 1155 (9th Cir. 2018)).

2

The Sentencing Guidelines define "crime of violence" as follows:

[A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year that—

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another [*known as the force clause*], or

(2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c) [*known as the enumerated offenses clause*].

U.S.S.G. § 4B1.2(a). When determining whether a prior conviction constitutes a crime of violence, the precise inquiry differs depending on whether the offense is alleged to qualify as a crime of violence pursuant to the force clause or the enumerated offenses clause. *Door*, 917 F.3d at 1150. An offense constitutes a "crime of violence" if it qualifies under either of the clauses. *Door*, 917 F.3d at 1150. Throughout the analysis, the Court presumes the prior conviction rested upon nothing more than the least of the acts criminalized by the statute of conviction. *Door*, 917 F.3d at 1150 (citing *Moncrieffe v. Holder*, 569 U.S. 184, 191-192 (2013)).

To determine whether a prior conviction qualifies pursuant to the force clause, the question is whether the crime of conviction "has as an element the use or threatened use of physical force against the person of another, with 'physical force' understood to mean in this context '*violent* force—that is, force capable of

3

causing physical pain or injury to another person.'" *Door*, 917 F.3d at 1151 (citing *Edling*, 895 F.3d at 1156). If the crime of conviction necessarily entails the use, attempted use, or threatened use of violent physical force, it is considered a categorical match for a crime of violence pursuant to the force clause and the inquiry ends. *Door*, 917 F.3d at 1151.

Jewart was convicted under Wyoming's Aggravated Assault and Battery statute, Wyo. Stat. Ann. § 6-2-502(a). The statute is what's known as a divisible statute. It lists several different elements in the alternative, thereby defining multiple crimes. *Edling*, 895 F.3d at 1156. When a statute is divisible, courts apply the modified categorical approach and look at a limited class of documents to determine which elements the defendant was convicted under. *Door*, 917 F.3d at 1151-1152. The information and judgment establish Jewart was convicted under Wyo. Stat. Ann. § 6-2-502(a)(ii).[1]

Under Wyo. Stat. Ann. § 6-2-502(a)(ii), a person is guilty of aggravated assault and battery if he "attempts to cause, or intentionally or knowingly causes bodily injury to another with a deadly weapon." "Bodily injury," at the time of Jewart's conviction, meant "physical pain, illness or any impairment of physical condition." *Conine v. State*, 197 P.3d 156, 159 (Wyo. 2008) (citing Wyo. Stat. Ann. § 6-1-104(a)(i) (2007)). "Deadly weapon" means but is not limited to "a

---

[1] The judgment stated Jewart was convicted under § 6-2-501(a)(ii), but the information makes clear that is a typographical error because there is no § 6-2-501(a)(ii).

4

firearm, explosive or incendiary material, motorized vehicle, an animal or other device, instrument, material or substance which in the manner it is used or is intended to be used is reasonably capable of producing death or serious bodily injury." *Conine*, 197 P.3d at 159 (citing Wyo. Stat. Ann. § 6-1-104(a)(iv) (2007)).

The Court holds Wyo. Stat. Ann. § 6-2-502(a)(ii) is a crime violence under U.S.S.G. § 4B1.2(a)'s force clause because an attempt to cause, or intentionally or knowingly causing, bodily injury to another with a deadly weapon necessarily entails the use or attempted use of violent physical force. *Door*, 917 F.3d at 1151. It is not plausible someone could attempt to cause or intentionally cause bodily injury in another with a deadly weapon without also attempting to use or intentionally using physical, violent force. Although the definition of deadly weapon includes "substances," i.e, poison, both the Ninth Circuit and United States Supreme Court concluded the act of employing poison as an instrument to cause physical harm is a use of physical force *United States v. Calvillo-Palacios*, 860 F.3d 1285, 1291 (9th Cir. 2017); *United States v. Castleman*, 572 U.S. 157, 170-171 (2014)).

Because the Court holds Jewart's conviction under Wyo. Stat. Ann. § 6-2-502(a)(ii) is a crime of violence under U.S.S.G. § 4B1.2(a)'s force clause, Jewart's objection is overruled and the Court adopts the Presentence Investigation Report's calculation of Jewart's base offense level.

5

DATED this 31st day of October, 2019.

                                        */s/ Susan P. Watters*
                                        SUSAN P. WATTERS
                                        U.S. DISTRICT COURT JUDGE